## MASSIE et als v. JORDAN et als.

WILLS. *Construction.* The testator, after devising certain land to his children to be equally divided between them, adds: "If either of my five youngest children should die before arriving at the age of twenty-one years, or have a lawful heir of their body, my wish is that the surviving ones should be heirs to the one that dies, and in that way, if they die, the surviving ones or one to be sole heir." *Held,* that both events must happen, and a child die under age and without lawful heir, in order to divest the fee previously given.

### FROM MONTGOMERY.

Appeal from the Chancery Court at Clarksville. C. W. TYLER, Sp. Ch.

Massie v. Jordan.

HOUSE and MERRITT and EAST for complainants.

LURTON, QUARLES and DANIEL for defendants.

COOPER, J., delivered the opinion of the court.

The record raises a question as to the construction of the will of G. H. Jordan. The testator directs his personal property to be divided between his wife and six children, naming them, and then proceeds thus: "If either of my five youngest children should die before arriving at the age of twenty-one years, or have a lawful heir of their body, my wish is that the surviving ones should be heirs to the one that dies, and in that way, if they die, the surviving ones or one to be sole heir." Afterwards, the testator adds: "My perishable property I wish equally divided between my loving wife and the six youngest children named above, disposed of in the same and under the same circumstances as my personal property." Still further on he devises the land in controversy to his "above named children," to be equally divided amongst them, adding, "my landed property I give under the same circumstances that they have personal and perishable property as to their death or deaths." The will was manifestly written by an unskilled draftsman, and the intent must be spelled out not by the application of technical rules or strict definitions, but by looking to the general scope and object. In this view, the intention was no doubt, as conceded in argument, that the proviso or condition attached to the first bequest of the personal property should equally apply to the devise of the land.

The general intention is quite clear, that the devise over shall take effect only in the event of a child dying without leaving a lawful heir of the body. To accomplich this end, the word "before," used in the first clause of the proviso, must be understood as preceding the word "have" in the second clause. For otherwise, the devise over might take effect if the child have a lawful heir, a palpable perversion of his wishes. Considering the word "before" as applicable to both clauses, the will admits of two readings. It may mean that the survivors should take if either child should die before the age of twenty-one, or before having a lawful. heir. It may also mean, if either child should die before arriving at the age of twenty-one, and before having a lawful heir. In the first view, the clause touching the arrival of age becomes mere surplusage, for the making the executory devise dependent upon the child dying before having a lawful heir would have answered the purpose of both contingencies. It is common learning in the construction of wills that "or" may be changed into "and" to carry out the testator's wishes. And the plain meaning of this will is, that the survivors shall take if a child die before arriving at age, and before having a lawful heir. Both events must happen, and the child must die under age, and without having had a child, in order to divest the fee previously given.

The decree below must be reversed, and a decree entered in accordance with this opinion. The costs will be paid out of the estate, and the cause remanded for the execution of the decree.